UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO



MAYRA MONTERO; THE CONJUGAL
PARTNERSHIP FORMED BY MAYRA
MONTERO AND JORGE MERINO,

    Plaintiffs                          CIVIL NO. 98-1225 (PG)

    v.

FORD MOTOR COMPANY, INC.;
ET AL.,

    Defendants

## OPINION & ORDER

Pending before this court is co-defendant's Ford Motor Company, Inc., ("Ford"), Motion for Partial Dismissal of the present action in view of lack of subject matter jurisdiction as the Conjugal Partnership's claims fail to meet the jurisdictional amount (Dkt.# 59).

Plaintiffs Mayra Montero and the Conjugal Partnership formed by Montero and her husband Jorge Merino, sued seeking relief for (1) physical pain and mental anguish in the amount of $500,000; (2) expenses for medical treatment that Montero has thus far received and will receive in the future, estimated in an amount greater than $4,000; and (3) general damages, resulting of the alleged carelessness and negligence of the defendants, in the amount of $500,000.

### Standard of Review

In reviewing a Fed.R.Civ.P. 12(b)(1) motion, the inquiry of the Court is whether or not the challenged pleading sets forth allegations sufficient to demonstrate that the Court has subject



AO 72A
(Rev.8/82)

matter jurisdiction in the case. In making this determination, the pleadings are to be taken as true and construed in a light most favorable to the party opposing the motion. *See Scheuer v. Rhodes,* 416 U.S. 232 (1974), abrogated on other grounds by *Harlow v. Fitzgerald,* 457 U.S. 800 (1982). The Court is not restricted, however, to examining only the pleadings but may review any evidence, including affidavits, to determine any disputed facts upon which the motion or the opposition to it is predicated. *See McMaster v. United States,* 177 F.3d 936, 940 (11th Cir. 1999); *United States v. Vazquez, et al.,* 145 F.3d 74, 80 (2d Cir. 1998). Should the pleader allege facts from which jurisdiction may be inferred, the motion must be denied. *See Mountain Fuel Supply Co. v. Johnson,* 586 F.2d 1375, 1382 (10th Cir. 1978), cert. denied, 441 U.S. 952 (1979). If there are genuine issues of material fact at issue, a decision must be made on the factual questions before the motion is decided. *See Commodities Export Co. v. United States Customs Serv.,* 888 F.2d 431, 436 (6th Cir. 1989), cert. denied, 506 U.S. 831 (1992). However, if "the facts are relatively simple [and] substantially uncontroverted," the court may rule on a 12(b)(1) motion without pausing to make findings on disputed questions of fact. *Id.* at 436-37.

Background

The facts giving rise to this complaint are as follows. Plaintiff Mayra Montero, ("Montero"), and her husband Jorge Merino, ("Merino"), are the owners of a 1997 Mercury Grand Marquis motor vehicle manufactured and distributed by Ford. One day, Merino was driving home accompanied by his wife who was sitting in the front passenger seat. As they approached their house, both noticed a burglar coming out of it so they slowly drove away to go to the police. While driving away, the burglar crossed their path, threw a VCR at their front

3

windshield, and as a result, Merino hit the front wall of a neighbor's house. The car's air bags were released because of the collision, and the one on the passenger's side exploded. As a result of the explosion, Montero suffered facial, neck, and chest trauma, including first degree burns on all the three body areas mentioned. Montero also lost her hearing for two hours after the accident.

Plaintiffs allege that the defendants knew, or with the exercise of ordinary care should have known, that the car and the air bags installed in it were defective and dangerous, and that the carelessness and negligence of the defendants proximately caused serious and grievous injury to the plaintiffs. Plaintiffs also allege to be entitled to rely upon the doctrine of strict liability in tort for recovery against the defendants.

Discussion

Defendants, in their Motion for Partial Dismissal, begin by discussing the Conjugal Partnership's standing to sue for damages under Puerto Rico Law. Jurisprudence has established that both the cause of action and the indemnity that corresponds to a spouse for the personal, physical, and moral damages he or she has suffered is of a privative nature. *See* <u>Maldonado v. Banco</u>, 95 JTS 48 (1995); <u>Molina</u> v. <u>Davila</u>, 121 D.P.R. 362 (1988); <u>Robles</u> v. <u>Ostolaza</u>, 96 D.P.R. 583 (1968). A conjugal partnership can not claim monetary relief for the damages, whether personal, physical, or moral, suffered by one of its members. Thus, the Conjugal Partnership formed by Montero and Merino can not sue seeking relief for the physical pain and mental anguish suffered by Montero in the amount of $500,000. Montero, in her personal capacity, can claim monetary relief for the physical pain and mental anguish she has suffered.

AO 72A
(Rev.8/82)

4

The Conjugal Partnership formed by Montero and Merino also sues seeking relief for general damages in the amount of $500,000 resulting from the alleged carelessness and negligence of the defendants. Nowhere in their complaint do plaintiffs explain what these general damages suffered by the Conjugal Partnership are, nor why they should receive relief for them. "It is settled beyond peradventure that issues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived." *See Collins v. Marina-Martinez, 894 F. 2d 474, 481 n. 9 (1st Cir. 1990).* Since the plaintiffs simply mentioned those general damages they allege to have suffered, failing to explain their nature and the reasons why they should receive relief, the Court will not grant relief for the general damages the plaintiffs claim in the amount of $500,000.

The only part of plaintiffs' complaint that remains after reviewing the Conjugal Partnership's standing to sue for damages under Puerto Rico Law is the expenses they claim for medical treatment that Montero has thus far received and will receive in the future. They estimate these in an amount greater than $4,000. District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, in cases where diversity of citizenship occurs. *28 U. S. C. A. §1332(a).* The Conjugal Partnership's claim for medical treatment expenses estimated in an amount greater than $4,000, does not meet the sum required to establish the Court's original jurisdiction in a case in which diversity of citizenship exists. Thus, this Court does not have original jurisdiction over the Conjugal Partnership's claim under the diversity of citizenship.

5

Conclusion

For the reasons set forth above, co-defendant's Ford Motion for Partial Dismissal is GRANTED.[1]

IT IS SO ORDERED.

San Juan, Puerto Rico, June 30, 2000.

JUAN M. PEREZ-GIMENEZ
U. S. District Judge

---

[1] This Opinion and Order also addresses co-defendant's Ford "Second Motion for Partial Dismissal" filed on March 13, 2000, (Dkt. #61).